**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4125**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LIKEITA YVETTE MCGRIER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.   James A. Beaty, Jr., Chief District Judge.   (1:07-cr-00085-JAB-1)

Submitted:  April 16, 2009          Decided:  April 20, 2009

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Clark Fischer, RANDOLPH AND FISCHER, Winston-Salem, North Carolina, for Appellant. Robert Michael Hamilton, Angela Hewlett Miller, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Likeita Yvette McGrier pled guilty to one count of bank fraud, 18 U.S.C. § 1344(2) (2006), and one count of aggravated identity theft, 18 U.S.C. § 1028A(a)(1) (2006). She was sentenced to eighteen months on the first count and a consecutive twenty-four months on the second count, for a total of forty-two months' imprisonment. McGrier's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal, but questioning whether (1) the indictment was defective; (2) McGrier's plea was knowing and voluntary; and (3) the district court erred in sentencing McGrier. Finding no error, we affirm.

Because McGrier did not move in the district court to withdraw her guilty plea, we review the propriety of the Fed. R. Crim. P. 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Before accepting a plea, the district court must ensure that the defendant understands the nature of the charges against her, the mandatory minimum and maximum sentences, and various other rights, so it is clear the defendant is knowingly and voluntarily entering her plea. The court also must determine whether there is a factual basis for the plea. Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Our review of the plea hearing

2

transcript reveals that the district court conducted a thorough Rule 11 colloquy, ensuring that McGrier's plea was knowing and voluntary, and that there was an independent factual basis for the plea. To the extent McGrier challenges the indictment, defects in an indictment are not jurisdictional, United States v. Cotton, 535 U.S. 625, 631 (2002), and McGrier's valid guilty plea waived this alleged non-jurisdictional defect. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993).

We review a criminal sentence for reasonableness, using the abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 594-97 (2007). We conclude that McGrier's sentence is both procedurally and substantively reasonable. In this regard, we note that the district court properly calculated McGrier's Guidelines range, treated the Guidelines as advisory, and considered the applicable 18 U.S.C. § 3553(a) (2006) factors. See United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007); see also Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of correctness of within-guideline sentence).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. In her pro se supplemental brief, McGrier argues that it was her understanding that she would be serving concurrent sentences.

3

We find this assertion belied by the plea agreement and her statements at the Rule 11 hearing. We therefore affirm McGrier's convictions and sentence. This court requires that counsel inform McGrier, in writing, of her right to petition the Supreme Court of the United States for further review. If McGrier requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McGrier. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4